# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| ORIENT OVERSEAS CONTAINER LINE, LTD. | |
| PLAINTIFF, | |
| v. | Case No.: 1:22-cv-01934 |
| BNSF RAILWAY COMPANY, AND BURLINGTON NORTHERN SANTA FE, LLC, | |
| DEFENDANTS. | |

## DEFENDANTS BNSF RAILWAY COMPANY'S AND
## BURLINGTON NORTHERN SANTA FE, LLC'S MOTION TO DISMISS

## TABLE OF CONTENTS  Toc127971506

I.  INTRODUCTION ................................................................................................ 1

II.  FACTUAL HISTORY .......................................................................................... 2

   A.  FACTUAL BACKGROUND ............................................................................. 2

   B.  OOCL'S COMPLAINT IS VOID OF ANY FACTS ESTABLISHING PERSONAL JURISDICTION OVER BNSF. ................................................................................ 3

   C.  TERMS AGREED TO BETWEEN BNSF AND OOCL ..................................... 4

   D.  TERMS AGREED TO BETWEEN JENNE AND OOCL. ................................... 4

III.  MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) (2), (3) AND (6) .. 6

   A.  THIS COURT LACKS PERSONAL JURISDICTION OVER BNSF. ....................... 7

      i.  BNSF is also not subject to general personal jurisdiction in Ohio. ............ 8

   B.  THE COURT SHOULD CONSIDER ALL OF THE TERMS OF TRANSPORTATION IN REVIEWING THE SUFFICIENCY OF THE COMPLAINT ...................................... 10

   C.  OOCL CANNOT PURSUE A CLAIM AGAINST BNSF AS IT HAS NOT BEEN DAMAGED. . 11

      i.  OOCL's claim is not ripe for adjudication such that it is due to be dismissed pursuant to Rule 12 (b)(1) or 12 (b)(6). ................................................... 11

      ii.  OOCL failed to meet a contractual condition precedent to asserting a claim against BNSF. ............................................................................................ 13

      iii.  OOCL's remaining claims are preempted by COGSA and/or the Carmack Amendment 14

   D.  THIS DISTRICT IS NOT THE PROPER VENUE TO HEAR OOCL'S CLAIMS ..... 15

   E.  COGSA PREEMPTS OOCL'S NON-COGSA CLAIMS .............................. 15

   F.  IF COGSA DOES NOT APPLY, THE CARMACK AMENDMENT PREEMPTS ALL NON-CARMACK CLAIMS ....................................................................................... 17

      i.  BNSF can rely both on the terms agreed upon between OOCL and Jenne as well as the Agreement between BNSF and OOCL; and the Agreement between BNSF and OOCL requires OOCL to Indemnify BNSF and prevents OOCL's future potential claims in this matter. ........................................................................................ 18

IV.  CONCLUSION .............................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1913) ...................................................... 18

*Affiliated FM Insurance Co. v. Kuehne + Nagel, Inc. et al*., 328 F. Supp. 3d 329, 342 (S.D.N.Y. 2018) ............................................................................................................................................... 7

*Air Prod. & Chemicals, Inc. v. Illinois Cent. Gulf R. Co.*, 721 F.2d 483, 485 (5th Cir. 1983).... 18

*Am. Synthetic Rubber Corp. v. Louisville & N. R. Co*., 422 F.2d 462, 468 (6th Cir. 1970) ......... 14

*Argueta v. Banco Mexicano,* S.A., 87 F.3d 320, 324 (9th Cir.1996)........................................... 11

*BNSF Ry. Co. v. Tyrrell,* 137 S. Ct. 1549, 1559, 198 L. Ed. 2d 36 (2017)................................. 7, 8

*Brown v. Ferro Corp*., 763 F.2d 798, 801 (6th Cir. 1985) ......................................................... 12

*Cartwright v. Garner,* 751 F.3d 752, 759 (6th Cir. 2014) .......................................................... 10

*CNA Ins. Co. v. Hyundai Merch. Marine Co*., 747 F.3d 339, 372 (6th Cir. 2014)........... 12, 15, 18

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 335 (6th Cir. 2007). 10, 13

Daimler, 571 U.S., at ,134 S. CT., at 761 ................................................................................. 7, 8

*DiStefano v. Carozzi N. Am., Inc*., 286 F.3d 81, 84 (2d Cir. 2001) ................................................ 7

*Estate of Thomson ex rel. Estate of Rakestraw v. Toyota*, 545 F.3d at 361 ............................... 7, 8

*Eurosistemas, S.A. v. Antillean Marine Shipping, Inc.*, No. 11-21546, 2011 WL 3878357, at *2 (S.D. Fla. Sept. 1, 2011)............................................................................................................ 16

*Ferrostaal, Inc. v. M/V Sea Phoenix*, 447 F.3d 212 (3d Cir. 2006)............................................ 16

*Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) ..................................................................................................................... 8

*IHF Ltd. v. Myra Bag,* 391 F. Supp. 3d 760, 768 (N.D. Ohio 2019*)*............................................ 8

*Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.,* 561 U.S. 89,109 (2010).11, 14, 15, 16, 17, 18

*Kentucky Press Ass'n, Inc. v. Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006) ............................... 11

*Kirkendall v. Halliburton, Inc.,* 707 F.3d 173, n. 1 (2d Cir. 2013)............................................... 14

*L–7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 422 (2d Cir.2011) ....................................... 14

*M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S. Ct. 1907, 1916, 32 L. Ed. 2d 513 (1972) ................................................................................................................................... 11, 15

*Mediacom Se. LLC v. BellSouth Telecomms., Inc.,* 672 F.3d 396, 400 (6th Cir.2012) .......... 10, 13

*Molchen v. Ford Motor Co.,* No. 02: 08CV0954, 2008 WL 4981596, at *1 (W.D. Pa. Nov. 20, 2008) .......................................................................................................................................... 11

*New York, N. H. & H. R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953) ........................................ 17

*Nipponkoa Ins. Co. v. Norfolk S. Ry. Co.*, 794 F. Supp. 2d 838, 841 (S.D. Ohio 2011) ............... 5

*Norfolk S. Ry. Co. v. James N. Kirby, Pty Ltd.*, 543 U.S. 14, 20 n.2, (2004) .................... 5, 16, 18

*Polo Ralph Lauren, L.P. v. Tropical Shipping & Constr. Co.,* 215 F.3d 1217, 1220 (11th Cir. 2000) .......................................................................................................................................... 16

*Rose v. Volvo Const. Equip. N. America, Inc.*, 412 F. Supp.2d 740, 743 (N.D. Ohio 2005) ....... 12

*Rosenberg v. ABF Freight Sys., Inc.,* No. 2:13-CV-651, 2014 WL 897906, at *4 (S.D. Ohio Mar. 6, 2014), report and recommendation adopted, No. 2:13-CV-651, 2014 WL 1308805 (S.D. Ohio Mar. 31, 2014) .................................................................................................................................. 10

*S. Pac. Co. v. Crenshaw Bros.*, 63 S.E. 865, 870 (Ga. App. Ct. 1909) ...................................... 18

*S. Pac. Transp. Co. v. Commercial Metals Co.*, 456 U.S. 336 (1982) ........................................ 5

*Schneider v. Hardesty*, 669 F.3d 693, 700 (6th Cir.2012) ......................................................... 7

*Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985) .................................... 12

*Trepel v. Roadway Express, Inc.,* 194 F.3d 708, 713 (6th Cir. 1999) ......................................... 14

*United Steelworkers of America, Local 2116 v. Cyclops Corp.*, 860 F.2d 189, 194-95 (6th Cir. 1988) ........................................................................................................................................... 12

*Weller v. Cromwell Oil Co.,* 504 F.2d 927 (6th Cir. 1974) .......................................................... 7

**Statutes**
Carmack Amendment ..................................................................................................... 1, 5, 15, 18
Carriage of Goods by Sea Act .................................................................................................... 1
O.R.C. § 2307.382 .................................................................................................................... 9

**Rules**
12(b)(1) .................................................................................................................... 6, 11, 13, 15
12(b)(2) .................................................................................................................................... 6
12(b)(3) .................................................................................................................................... 6
12(b)(6) .................................................................................................................... 6, 11, 13, 15

## I.   **INTRODUCTION**

Orient Overseas Container Line, LTD.'s ("OOCL") claims against BNSF Railway Company and Burlington Northern Santa Fe, LLC (collectively "BNSF") must be dismissed for lack of personal jurisdiction.  In addition to a lack of personal jurisdiction, the Complaint is also deficient for multiple other reasons including: 1) it asserts common law causes of action which are preempted by the Carriage of Goods by Sea Act ("COGSA") and/or the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"), 2) OOCL cannot establish that this Court has subject matter jurisdiction, 3) the Northern District of Ohio is an improper venue, and 4) it fails to state a claim.

OOCL's Complaint establishes that neither of the BNSF entities is incorporated in nor have their principal places of business located in the Northern District of Ohio. While the Complaint asserts that BNSF owns or operates railroad track in the Northern District of Ohio this is inaccurate and the transportation of the underlying shipment in this matter terminated in Chicago with respect to BNSF.  Accordingly, OOCL cannot establish personal jurisdiction over BNSF.

OOCL also cannot establish that the Court has subject matter jurisdiction over this litigation as OOCL has no damages since it has not paid any claim to the underlying shipper Jenne, Inc. ("Jenne").  In fact, OOCL has no obligation to pay the claimed damages to Jenne and the time has now passed for Jenne to file suit against OOCL seeking such damages. Finally, OOCL cannot establish that this district is the proper venue as BNSF and OOCL contractually agreed that all lawsuits can only be filed in the jurisdiction where the freight originated and/or terminated on *BNSF's lines*, and here the shipments were only transported from Los Angeles, California to Chicago, Illinois on BNSF's lines, never anywhere in Ohio.

Based on the foregoing, OOCL's claims against BNSF must be dismissed for lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, and failure to state a claim.

## II. FACTUAL HISTORY

### A. Factual Background

This action arises from the alleged pilferage of video conferencing phones owned by Jenne from shipping container OOLU 7648477 which OOCL, an ocean carrier, was contracted to transport internationally from Xiamen, China to Cleveland, Ohio (the "Shipment") pursuant to bill of lading OOLU2680557450 (the "BOL"). A true and correct copy of the terms of the applicable OOCL bill of lading are attached as Exhibit A. As set forth in OOCL's Complaint and the BOL, OOCL accepted shipping container, OOLU 764847 containing video conferencing phones to be transported from Xiamen, China to Cleveland, Ohio. *See generally* OOCL's Complaint filed in this matter and located on the Court's docket as ECF No. 1 at ¶¶1,13. In turn, OOCL engaged BNSF to provide rail transportation of those containers from Los Angeles, California to Chicago, Illinois and engaged Norfolk Southern Railway Company to provide rail transportation from Chicago, Illinois to Cleveland, Ohio, and a truck carrier to transport the Shipment from Norfolk Southern's facility in Cleveland to the ultimate consignee (receiver). *See* a true and correct copy of the declaration of Ann Mathewson attached as Exhibit B at ¶¶17-20; A true and correct copy of the BNSF's Intermodal Rules and Policies Guide (the "Rules") are Attached as Exhibit 1 to Exhibit B and highlighted for the Court's reference; *see* a true and correct copy of the Agreement entered into between OOCL, and BNSF which incorporates the Rules attached as Exhibit 2 to Exhibit B at ¶5,7,8 and highlighted for the Court's reference; *see* A true correct copy of OOCL's shipping

instructions to BNSF attached as Exhibit 3 to Exhibit B and highlighted for the Court's reference[1]. *see* a true and correct copy of the movement records for container OOLU 7648477  attached as Exhibit 4 to Exhibit B. BNSF transported the Shipments from Los Angeles to Chicago, and then provided the Shipment to Norfolk Southern with ultimate delivery occurring between December 3 and December 6, 2021. *Id.*

### B. OOCL's Complaint is Void of Any Facts Establishing Personal Jurisdiction Over BNSF.

As an initial matter, OOCL has not alleged any facts, which establish either general personal jurisdiction or specific personal jurisdiction over BNSF in the Northern District of Ohio. *See* ECF No. 1 at ¶¶5-6. BNSF is not located in this district and the subject shipments did not move through Ohio on BNSF nor did the movement of the Shipments call for transportation through Ohio on BNSF's lines such that there is a lack of personal jurisdiction over BNSF for the purposes of this litigation. Id; *see* Exhibit B at ¶¶6-18 see *Exhibit 2 to Exhibit B*; *See* Exhibit 1 to Exhibit B at Item 28 Cargo Claim Requirements pg. 42; *see* Exhibit 3 to Exhibit B. While OOCL mistakenly claims that BNSF agreed to transport the Shipment to Cleveland, Ohio, BNSF only agreed to transport the Shipment to Chicago, Illinois. *Id.* From that point, OOCL engaged Norfolk Southern, a rail carrier serving the eastern United States to provide the remaining rail transportation services. *See* Exhibit B at ¶¶20-21. In fact, BNSF does not own or operate any track in Ohio. *See* Exhibit B at ¶12.

---

[1] The Rules define bill of lading as the shipping instructions (or document), which is sent by the Shipper and initiates the movement of the equipment. *See* A true and correct copy of *the* Rules attached as Exhibit 1 to Exhibit B at pg. 61. The Rules further define shipping Instructions as "an Intermodal bill of lading (or waybill) sent via EDI or BNSF's Shipping Instructions Web application from the Shipper that must be tendered with each shipment". *Id* at pg. 71.

### C.  Terms Agreed to Between BNSF and OOCL

OOCL engaged BNSF, a rail carrier operating in the western United States, to provide inland rail transportation from the Port of Los Angeles, California (the port of discharge on the applicable bills of lading) to Chicago, Illinois. BNSF transported the Shipments from the Port of Los Angeles, California to Chicago, Illinois. BNSF's transportation services were rendered pursuant to contract "MA111" entered into between BNSF and OOCL (the "Agreement").  *See* Exhibit 2 to Exhibit B. The Agreement specifically provides OOCL with the option to elect full Carmack Amendment liability at an alternate rate, but OOCL elected to ship the Shipment without electing full Carmack Amendment liability coverage. *Id* at ¶8.

The Agreement was incorporated into the shipping instructions OOCL provided to BNSF ("Shipping Instructions"). *See* Exhibit 3 to Exhibit B. The Agreement in turn specifically incorporates BNSF's Intermodal Rules and Policies Guide (the "BNSF Rules"), which among other things requires suit to be filed in specific enumerated locations, none of which are the Northern District of Ohio[2,3]. *See* Exhibit 3 to Exhibit B at ¶¶5,7,8; *See* Exhibit 1 to Exhibit B at Item 28 pg. 42.

### D.  Terms Agreed to Between Jenne and OOCL.

The terms agreed to between Jenne and OOCL are contained in the OOCL standard bill of lading. *See* Exhibit A.  The BOL OOCL issued is a through bill of lading that contains a "Himalaya Clause", which extends the terms of COGSA inland to apply to the rail transportation BNSF

---

[2] The Shipper is defined as the party entering into an agreement with BNSF and submitting shipping instructions to BNSF. *See* The Rules definition of "Shipper" on pg. 71 (highlight added for the Court's reference).

[3] The Rules explicitly state that the only locations where BNSF can be sued are the appropriate Federal or State court sitting in the location of the shipment's origination or termination on BNSF.

provided.[4],[5] *see* Exhibit A at ¶¶4(B),18,25,26. These terms also, among other things, require Jenne to file suit against OOCL and only OOCL for any freight loss and damage claim and provides one year from the date a shipment was or should have been delivered to file suit. *Id*. Because the Shipment was delivered on or before December 6, 2021, Jenne had until December 6, 2022, to file suit. *Id; see* Exhibit B ¶¶22,23. .As indicated by counsel for OOCL, no suit has been filed so pursuant to the terms agreed to between Jenne and OOCL, the time has passed for Jenne to file suit and any claims are time barred. [6] *See* Exhibit C a true and correct copy of the declaration of Matthew John Haskins.

Here, OOCL filed a Complaint against BNSF seeking damages OOCL has incurred or may incur and indicating that BNSF breached the contract with OOCL by failing to pay the alleged damages claimed by Jenne. *See* ECF No. 1 at ¶¶ 3,25-25-35,52-55. However, because Jenne's claims are time barred OOCL has no liability to Jenne.[7] While OOCL in the future could arguably be damaged, its claim is not ripe at this time and OOCL would be barred by the contractual time period in the Rules from bringing its claim in the future. Id at Item 28 pg. 42. Further, to the extent any state law claims are pleaded, they are preempted by either COGSA or the Carmack Amendment.

Accordingly, OOCL has no damages for which it may seek indemnity or contribution. As a beneficiary of the terms of the OOCL bill of lading BNSF also has no liability for the underlying

---

[4] A bill of lading "is the basic transportation contract between the shipper-consignor and the carrier; its terms and conditions bind the shipper and all connecting carriers." *S. Pac. Transp. Co. v. Commercial Metals Co.*, 456 U.S. 336, 342 (1982). As a through bill of lading, the Bill of Lading covers both the ocean and inland portions of the transportation of the Shipments in a single document.

[5] "A Himalaya Clause, named for an English case, extends a contract's liability limitations to downstream parties." *Nipponkoa Ins. Co. v. Norfolk S. Ry. Co.*, 794 F. Supp. 2d 838, 841 (S.D. Ohio 2011) (*citing Norfolk S. Ry. Co. v. James N. Kirby, Pty Ltd.*, 543 U.S. 14, 20 n.2, (2004)).

[6] As discussed below, BNSF is allowed to rely on the terms BSNF agreed to with OOCL as well as OOCL's terms with the underlying Shipper.

[7] Pursuant to the BOL between OOCL and Jenne, Jenne is precluded from pursuing BNSF directly. *See* Exhibit A at ¶¶4(B),18,25,26.

claims from Jenne and if the terms of the bill of lading do not apply OOCL's claim would fair no better as it is barred from bringing suit against BNSF in the future as the Rules require suit to be filed in nine months and the time for OOCL to pursue its future claims will have passed.

### III.  MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) (2), (3) and (6)

The complaint must be dismissed as a matter of law pursuant to Federal Rules of Civil Procedure Rules 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6) for the following three reasons. First, this District does not have personal jurisdiction over BNSF as BNSF is not located in this District and the Shipment did not include transportation to, from or through this District on BNSF lines. Second, this District is an improper forum for OOCL to pursue claims against BNSF. Third, the Court lacks subject matter jurisdiction as OOCL has not been damaged and no underlying suit exists from which OOCL could be damaged. Fourth, OOCL fails to plead factual averments from which relief may plausibly be granted under well-established and controlling transportation law precedent.

Furthermore, OOCL contractually agreed to only file suit in the location where the Shipments originated or terminated on BNSF lines. *See* Exhibit 1 to Exhibit B at Item 28 pg. 42 (highlight added).  These terms also provide that COGSA applies to the transportation of the Shipments and limit the time for filing suit to one year. *See* Exhibit at ¶¶4(B),18,25,26.   Here OOCL filed suit outside of the locations prescribed in the terms of transportation, alleges no facts to assert personal jurisdiction over BNSF, alleges no facts to establish that it has actually been damaged or is subject to litigation that would lead it to be damaged and the time to file suit has passed.

**A. This Court Lacks Personal Jurisdiction Over BNSF.**

The Supreme Court has addressed the issue of general personal jurisdiction with respect to BNSF and the holding establishes general personal jurisdiction is inappropriate under the circumstances of this litigation. The Supreme Court determined that even where BNSF had over 2000 miles of track and 2000 employees that general personal jurisdiction could not be established. *BNSF Ry. Co. v. Tyrrell,* 137 S. Ct. 1549, 1559, 198 L. Ed. 2d 36 (2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) ). Additionally, the Second Circuit determined in circumstances similar to those in this case that general personal jurisdiction was inappropriate as to BNSF. *Affiliated FM Insurance Co. v. Kuehne + Nagel, Inc. et al*., 328 F. Supp. 3d 329, 342 (S.D.N.Y. 2018)(dismissing BNSF from litigation for lack of personal jurisdiction as BNSF is not incorporated not has its principal place of business in New York and where the underlying shipment that gave rise to the litigation did not travel through nor was destined to New York).

Here, OOCL bears the burden of establishing that the court has jurisdiction over BNSF. *Weller v. Cromwell Oil Co.,* 504 F.2d 927 (6th Cir. 1974).  Thus, OOCL must make a *prima facie* showing that this Court may exercise personal jurisdiction over BNSF.  *DiStefano v. Carozzi N. Am., Inc*., 286 F.3d 81, 84 (2d Cir. 2001).

Based on this showing, the Court must then determine whether Ohio law authorizes the assertion of either general or specific personal jurisdiction over BNSF. *See* Daimler, 571 U.S., at 134 S. CT., at 761 (a federal court's jurisdiction is normally governed by the law of the state in which the court sits). However, Ohio's long-arm statute does not reach the limits of the Due Process Clause. *See Schneider v. Hardesty*, 669 F.3d 693, 700 (6th Cir.2012) (quoting *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota*, 545 F.3d at 361)); Conn, 667 F.3d at 712 ("Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due

Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law.") If jurisdiction exists, the Court must next consider whether the exercise of personal jurisdiction over a foreign defendant comports with due process protections established under the United States Constitution. *Estate of Thomson a,* 545 F.3d 357, 361.

OOCL does not allege that this Court has personal jurisdiction over BNSF in this District as it cannot. *See* ECF No. 1 at ¶¶ 7-12. The only assertion to establish that this is the proper district to hear this case is an unsupported allegation in the complaint that BNSF operates, controls, leases, or owns a railroad or route within this District. However, this allegation is inaccurate and even if the allegation was accurate BNSF did not agree to transport the Shipment into Ohio such that Personal Jurisdiction over BNSF is inappropriate. *See* Exhibit B at ¶¶15-19; *see* Exhibit 3 to Exhibit B.

> *i.  BNSF is also not subject to general personal jurisdiction in Ohio.*

"The Court has general jurisdiction over a corporation when its' affiliations with the state are so continuous and systematic as to render it essentially at home in the forum state.." *IHF Ltd. v. Myra Bag,* 391 F. Supp. 3d 760, 768 (N.D. Ohio 2019). The "paradigm" forums in which a corporate defendant is "at home" are the corporation's state of incorporation and the state of its principal place of business. *Id* (C*iting Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011). Furthermore, Supreme Court precedent has established that general personal jurisdiction would be inappropriate over BNSF under these circumstances. *BNSF Ry. Co. v. Tyrrell,* 137 S. Ct. 1549, 1559, 198 L. Ed. 2d 36 (2017) (citing Daimler, 571 U.S., at ,134 S. CT., at 761). (Holding that even where BNSF had over 2,000 miles

of track and 2,000 employees in a state, its contacts with the state were insufficient "as to render [BNSF] essentially at home").

Here OOCL has failed to allege *any* facts to support a finding of general jurisdiction over BNSF, nor do any such facts exist. *See* ECF No. 1. Here, BNSF is neither incorporated in Ohio nor is its principal place of business located in Ohio. *See* Exhibit B at ¶¶6-11. Thus, in accordance with controlling Supreme Court precedent, there is simply no basis for general personal jurisdiction over BNSF in Ohio.

   ii.    *BNSF is not subject to specific personal jurisdiction with regard to the Shipment.*

There also is no specific personal jurisdiction over BNSF in Ohio with regard to this litigation. In Ohio, specific personal jurisdiction is governed by O.R.C. § 2307.382. O.R.C. § 2307.382 lists the various types of actions that can give rise to specific jurisdiction in Ohio, most of which are irrelevant to this case. As noted above, OOCL engaged BNSF to transport the Shipment from Los Angeles, California to Chicago, Illinois. *See* Exhibit B at ¶¶15-19; *See* Exhibit 3 to Exhibit B. The Shipment (allegedly in damaged condition) was delivered to the ultimate receiver on December 6. *See* Exhibit B; *See* Exhibit 4 to Exhibit B. There is no factual basis for the Court to find specific jurisdiction in this case over BNSF as BNSF did not transport the shipment to Ohio and there was no intention for BNSF to transport the shipment to Ohio. *See* O.R.C. § 2307.382.

Here, the entity that BNSF entered into an agreement with, OOCL, is not an Ohio company nor is its principal place of business in Ohio. *See* ECF No. 1 at ¶4; *see* Exhibit 2 to Exhibit B. The terms of the agreement between BNSF and OOCL require suit to be filed at the origin or termination location on BNSF lines. *Id* at ¶5,7,8*;* see Exhibit 1 to Exhibit B at Item 28 pg. 42 (here California or Illinois). *See* Exhibit 3 to Exhibit B.

BNSF and OOCL did not intend BNSF to have contact with Ohio nor did BNSF have contact with Ohio when transporting the Shipment. The only connection to Ohio is OOCL's relationship with the underlying shipper. This tangential connection is insufficient to establish specific jurisdiction over BNSF. *See Rosenberg v. ABF Freight Sys., Inc.,* No. 2:13-CV-651, 2014 WL 897906, at *4 (S.D. Ohio Mar. 6, 2014), report and recommendation adopted, No. 2:13-CV-651, 2014 WL 1308805 (S.D. Ohio Mar. 31, 2014) (holding that the Court did not have jurisdiction over two defendants where their contacts were insufficient to establish jurisdiction in Ohio).

**B. The Court Should Consider All of the Terms of Transportation in Reviewing the Sufficiency of the Complaint**

In deciding this Motion, the Court may consider the BOL, the Shipping Instructions, the Agreement and the Rules because they are integral to, and explicitly relied upon in the Complaint even if not attached. "On a motion to dismiss for breach of contract, courts look ... at the contract itself, which by definition is integral to the complaint." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 335 (6th Cir. 2007) (a court may consider documents that govern a party's rights and are necessarily incorporated by reference in the complaint on a motion to dismiss); *see Mediacom Se. LLC v. BellSouth Telecomms., Inc.,* 672 F.3d 396, 400 (6th Cir.2012) (holding documents integral to the complaint may be relied upon even if they are not attached or incorporated by reference), Here the BOL, the Shipping Instructions, the Agreement and the BNSF Rules make up the relevant contract between the parties such that they may be considered by the Court. *Id*. When considering a motion to dismiss for lack of subject matter jurisdiction a court may consider evidence outside the pleadings, such as affidavits and exhibits. *Cartwright v. Garner,* 751 F.3d 752, 759 (6th Cir. 2014).

Additionally, while OOCL failed to attach the BOL, the Shipping Instructions, the Agreement or the BNSF Rules to the Complaint, the Court may consider facts outside the pleadings in

determining if venue is proper when deciding a Rule 12(b)(3) motion See *Argueta v. Banco Mexicano,* S.A., 87 F.3d 320, 324 (9th Cir.1996) (holding a forum selection clause is grounds for a Federal Rule of Civil Procedure 12(b)(3) motion to dismiss for improper venue and that review of facts outside the pleadings is permitted under Rule 12(b)(3) and "is consistent with the Supreme Court standard for resolving forum selection clause cases."); *See Molchen v. Ford Motor Co.,* No. 02: 08CV0954, 2008 WL 4981596, at *1 (W.D. Pa. Nov. 20, 2008) (holding "[t]he court may examine facts outside the complaint to determine proper venue"); *See generally Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.,* 561 U.S. 89, 109 (2010) (discussing the review of a forum selection clause in the context of a motion to dismiss.). And a forum selection clause is enforced unless a venue "so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court." *Id* (citing *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S. Ct. 1907, 1916, 32 L. Ed. 2d 513 (1972)). Accordingly, since BNSF and OOCL agreed for their claims to be venued where the Shipments originated (Los Angeles, California) or terminated (Chicago, Illinois) on BNSF lines, this is an improper District to hear the parties' claims.

### C. OOCL Cannot Pursue a Claim Against BNSF as It Has Not Been Damaged.

In addition to being unable to establish subject matter jurisdiction over BNSF, OOCL also fails to, and cannot, allege facts to, state a claim because OOCL has no damages. As a result, OOCL's Complaint must be dismissed pursuant to F. R. Civ. P. Rules 12(b)(1) and 12(b)(6).

>    i.   *OOCL's claim is not ripe for adjudication such that it is due to be dismissed pursuant to Rule 12 (b)(1) or 12 (b)(6).*

The ripeness doctrine is designed 'to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements'". *See Kentucky Press Ass'n, Inc. v. Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*,

473 U.S. 568, 580 (1985)). As explained by the Sixth Circuit, "[t]he ripeness doctrine not only depends on the finding of a case and controversy and hence jurisdiction under Article III, but it also requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances." *Brown v. Ferro Corp*., 763 F.2d 798, 801 (6th Cir. 1985). "Courts weigh three factors in evaluating a case's ripeness: (1) 'the likelihood that the harm alleged by plaintiffs will ever come to pass;' (2) 'whether the factual record of this case is sufficiently developed to produce a fair and complete hearing as to the prospective claims;' and (3) 'the hardship that refusing to consider plaintiff's prospective claims would impose upon the parties.' " *Rose v. Volvo Const. Equip. N. America, Inc*., 412 F. Supp.2d 740, 743 (N.D. Ohio 2005) (quoting *United Steelworkers of America, Local 2116 v. Cyclops Corp*., 860 F.2d 189, 194-95 (6th Cir. 1988). The primary focus is to determine whether a claim "alleged by plaintiffs will ever come to pass". *See Cyclops,* 860 F.2d at 194.

Here, OOCL pleads that it has or will be damaged as a result of the alleged freight loss. *See* ECF No. 1 at ¶¶13-20. However, Jenne was required to file suit within one year from the date of delivery. *See* Exhibit A. The Shipment was delivered on or before December 6, 2021, such that Jenn had until December 6, 2022, to file suit. *See* Exhibit 4 to Exhibit B; *see* Exhibit B; *see* Exhibit A. OOCL's counsel has now confirmed that Jenne has *not* filed suit against OOCL nor has OOCL asserted that it paid Jenne for the potential underlying claim. *See* Exhibit C.

As discussed below, BNSF can rely on the terms agreed upon between OOCL and Jenne as it is a beneficiary of those terms via the Himalaya clause contained in the OOCL BOL. Here, Jenne's failure to timely file suit against OOCL precludes OOCL's claim against BNSF in the future. *See CNA Ins. Co. v. Hyundai Merch. Marine Co.*, 747 F.3d 339, 372 (6th Cir. 2014)

(holding rail carriers are intended beneficiaries of contract between shipper and ocean carrier via the Himalaya Clause). Here the OOCL Himalaya Clause states as follows:

> "every subcontractor of the Carrier of any nature whatsoever (including but not limited to the Participating Carrier, the Vessel, the owner, charterer, operator, Master, officer and crew of the Vessel, and employees, agents, representatives, and stevedores, terminal operators, watchmen, carpenters, lasher, ship cleaners, surveyors and other independent contractors) shall have the benefit of every right, defense, limitation and liberty of whatsoever nature herein contained or otherwise available to the Carrier as if such provisions were expressly for its benefit"

And participating carrier is defined as any other sea, water, land or air carrier performing any part of the carriage provided herein". *See* Exhibit A at ¶¶ 2 and 25.

OOCL has not paid Jenne for any damaged freight and Jenne has not filed suit. Jenne is now time barred from doing so such that this matter should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).

### ii. *OOCL failed to meet a contractual condition precedent to asserting a claim against BNSF.*

OOCL's breach of contract claim must be dismissed because OOCL cannot establish a required contractual element of a claim - actual monetary loss. On a motion to dismiss a breach of contract claim, courts can review documents integral to the parties' rights even if not specifically incorporated by reference. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 335 (6th Cir. 2007); *see Mediacom Se. LLC v. BellSouth Telecomms., Inc.,* 672 F.3d 396, 400 (6th Cir.2012) (holding documents integral to the complaint may be relied upon even if they are not attached or incorporated by reference). Here the contract is made up of the Agreement and the BNSF Rules, which are specifically incorporated by reference. *See* Exhibit 2 to Exhibit B at ¶ 5. Here the BNSF Rules specifically state that "[p]rovided the Shipper files a timely valid claim with BNSF concerning the alleged cargo loss or damage, the Shipper must file all loss or damage suits against BNSF within nine (9) months from the date BNSF declines the claim". *See* Exhibit 1 to

Exhibit B Item 28 at CARGO CLAIM REQUIEMNTS pg. 42.  For a claim to be valid, OOCL must provide "Documents establishing the responsibility for liability and the amount of monetary loss". Id at pg. 40.  Here, OOCL cannot establish actual monetary loss and therefore did not have a valid claim. It is long held that provisions of the contract of carriage are binding. *See Am. Synthetic Rubber Corp. v. Louisville & N. R. Co*., 422 F.2d 462, 468 (6th Cir. 1970). A claim for loss or damage must substantially comply with the requirements agreed to by the parties. *See generally Trepel v. Roadway Express, Inc.,* 194 F.3d 708, 713 (6th Cir. 1999).

OOCL cannot amend its complaint to cure the deficient allegations as more than nine months passed from the dates BNSF delivered the Shipments until OOCL filed its Complaint, and OOCL has not filed a valid claim with BNSF establishing monetary loss by OOCL such that it is precluded from filing suit against BNSF. *See Exhibit C; see* Exhibit B at ¶¶19-25; *see Id* at item 28 pgs. 40,42. Accordingly, as BNSF can contradict any allegation OOCL could proffer with documentary evidence, OOCL's claims are not entitled to a presumption or truthfulness and should be dismissed.  *See Kirkendall v. Halliburton, Inc.,* 707 F.3d 173, n. 1 (2d Cir. 2013) *(*citing *L–7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 422 (2d Cir.2011))(holding that allegations in the complaint that are "contradicted by more specific allegations or documentary evidence" are not entitled to a presumption of truthfulness*)*.

### iii.  OOCL's remaining claims are preempted by COGSA and/or the Carmack Amendment

As discussed below, other than its breach of contract claims, OOCL's remaining claims are preempted by COGSA and/or the Carmack Amendment. *Regal-Beloit Corp.,* 561 U.S. at 96 (citation and internal quotation marks omitted) (holding that while "by its terms, COGSA applies to the carrier only in relation to the loading, handling, stowage, carriage, custody, care and discharge of goods, and not to those periods unrelated to loading and unloading", the statute also

"allows parties the option of extending [by contract] certain COGSA terms . . . to cover the entire period in which the goods would be under a carrier's responsibility, including a period of . . . inland transport." ) *see generally  CNA Ins. Co. v. Hyundai Merch. Marine Co*., 747 F.3d 339, 372 (6th Cir. 2014)(Discussing the preemptive effect of the Carmack Amendment).

Based on the foregoing, OOCL has failed to state a claim against BNSF and the Complaint should be dismissed pursuant to Rules 12 (b)(1) and 12(b)(6).

### D.  This District Is Not the Proper Venue to Hear OOCL's Claims

In addition to not having subject matter or personal jurisdiction over BNSF, this venue is improper for the adjudication of OOCL's claims. As discussed above BNSF and OOCL entered into an agreement, which incorporates the BNSF Rules. *See* Exhibits 2,3 to Exhibit B. The BNSF Rules specifically state that a lawsuit must be filed where a shipment originated or terminated on BNSF. *See* Exhibit 1 to Exhibit B at Item 28  pg. 42. Here the shipments moved on BNSF from Los Angeles to Chicago such that the proper venue lies in California or Illinois. *Id*; s*ee* ECF No. 1 at ¶10. As a forum selection clause is enforced unless a venue "so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court", this District is an improper venue for OOCL's claim. *See Regal-Beloit Corp.,* 561 U.S. at 109 (citing *See Zapata Off-Shore Co.,* 407 U.S. at 15 (1972)).   Accordingly, OOCL has chosen an inappropriate district by filing its complaint in the Northern District of Ohio and its complaint must be dismissed.

### E.  COGSA Preempts OOCL's Non-COGSA Claims

Even if this Court did have jurisdiction, which it does not, five of the claims asserted (four state law claims and one Carmack Amendment claim) are preempted by COGSA.  OOCL's complaint contains six causes of action. *See* ECF No.1.However, all but one of those causes of action are non-COGSA claims and must be dismissed. *Id.* The Supreme Court has already

determined that where international transit and domestic transportation are covered by a single through bill of lading containing a Himalaya Clause that COGSA shall apply, cover the transportation of the shipment and that downstream carriers may rely on the terms of the bill of lading. *See Kirby,* 543 U.S. at 29 ("COGSA governs bills of lading for the carriage of goods 'from the time when the goods are loaded on to the time when they are discharged from the ship'") (internal citations omitted). *Regal- Beloit Corp*., 561 U.S. at 96 (citation and internal quotation marks omitted) (holding that while "by its terms, COGSA applies to the carrier only in relation to the loading, handling, stowage, carriage, custody, care and discharge of goods, and not to those periods unrelated to loading and unloading", the statute also "allows parties the option of extending [by contract] certain COGSA terms . . . to cover the entire period in which the goods would be under a carrier's responsibility, including a period of . . . inland transport.").

It is well established that COGSA governs "[e]very bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade." 46 U.S.C. § 30701. When applicable, COGSA "supersedes other laws." *See Polo Ralph Lauren, L.P. v. Tropical Shipping & Constr. Co.,* 215 F.3d 1217, 1220 (11th Cir. 2000); *see also Eurosistemas, S.A. v. Antillean Marine Shipping, Inc.*, No. 11-21546, 2011 WL 3878357, at *2 (S.D. Fla. Sept. 1, 2011) ("Under COGSA, claims made pursuant to a bill of lading completely preempt state law causes of action … plaintiffs are entitled to a single remedy and all other tort claims are excluded"); s*ee generally Ferrostaal, Inc. v. M/V Sea Phoenix*, 447 F.3d 212 (3d Cir. 2006) (holding COGSA preempts state law claims).

Generally, COGSA only applies after cargo is loaded onto a vessel and before it is removed from the vessel. *See Kirby,* 543 U.S. at 29 ("COGSA governs bills of lading for the carriage of goods 'from the time when the goods are loaded on to the time when they are discharged from the

ship'") (internal citations omitted). While "by its terms, COGSA applies to the carrier only in relation to the loading, handling, stowage, carriage, custody, care and discharge of goods, and not to those periods unrelated to loading and unloading", the statute also "allows parties the option of extending [by contract] certain COGSA terms . . . to cover the entire period in which the goods would be under a carrier's responsibility, including a period of . . . inland transport." *Regal- Beloit Corp*., 561 U.S. at 96 (citation and internal quotation marks omitted).

Here, the BOL does just that, extending the terms of the BOL to subcontracting carriers such as BNSF and indicating that COGSA applies to the Shipments even after they were discharged from the Vessel. *See* Ex. A at 4.[8] Accordingly, because COGSA applies to the inland portion of the Shipments, OOCL's non-COGSA claims are preempted and therefore must be dismissed for failure to state a claim as a matter of law.

### F. If COGSA Does Not Apply, The Carmack Amendment Preempts All Non-Carmack Claims

Even if *arguendo* there was jurisdiction and OOCL argues that the Carmack Amendment and not COGSA applies, OOCL's state law claims would *still* be preempted. Congress enacted the Carmack Amendment to provide a uniform, national system of laws governing an interstate carrier's liability for freight loss and damage claims. *New York, N. H. & H. R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953). Prior to the Carmack Amendment,

> "[T]his branch of interstate commerce was being subjected to such a diversity of legislative and judicial holding that it was practically impossible for a shipper engaged in a business that extended beyond the confines of his own state, or a carrier whose lines were extensive, to know, without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the

---

[8] The BOL specifically states " If carriage includes carriage to, from or through a port in the United States of America this Bill of Lading shall be subject to COGSA, the terms of which are incorporated herein and shall be paramount through carriage by sea and the entire time that the Goods are in the actual custody of the Carrie or its subcontractor at the sea-terminal in the United States of America before loading onto the Vessel or after discharge therefrom as the case maybe."

carrier's actual responsibility as to goods delivered to it for transportation from one state to another".

*Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1913) (quoting *S. Pac. Co. v. Crenshaw Bros.*, 63 S.E. 865, 870 (Ga. App. Ct. 1909)). The Carmack Amendment "provides an exclusive remedy for a breach of a contract of carriage provided by a bill of lading." A*ir Prod. & Chemicals, Inc. v. Illinois Cent. Gulf R. Co.*, 721 F.2d 483, 485 (5th Cir. 1983)).  As such, the Carmack Amendment has both a preemptive effect on all common law claims while establishing a cause of action to hold a carrier liable for damage to freight.

> i. *BNSF can rely both on the terms agreed upon between OOCL and Jenne as well as the Agreement between BNSF and OOCL..*

Here, OOCL entered into the Agreement with BNSF, which controls the relationship between BNSF and OOCL.  OOCL also provided the BOL which established the relationship between OOCL and Jenne. Pursuant to *Kirby* and its progeny, BNSF can rely on both sets of terms. *See Kirby* 543 U.S. 14, 20 (2004); *see Regal-Beloit Corp.,* 561 U.S. at 96; *see CNA Ins. Co*, 747 F.3d at 372 (holding rail carriers are intended beneficiaries of contract between shipper and ocean carrier via the Himalaya Clause.)

This means that because the BOL prevents Jenne from pursuing BNSF directly and required Jenne to file suit within one year from the date of delivery; BNSF is an intended beneficiary of those terms and is allowed to rely on the application of those terms.  *See* Exhibit A at ¶26  and *CNA Ins. Co*, 747 F.3d at, 372 (holding rail carriers are intended beneficiaries of contract between shipper and ocean carrier via the Himalaya Clause).

## IV.        CONCLUSION

OOCL's complaint is wholly deficient as it cannot allege 1) facts that establish personal jurisdiction over BNSF, 2) contains improper state law claims and 3) pursues damages that OOCL has not sustained and will not sustain.  OOCL cannot cure the deficiencies of its complaint because BNSF is not located in this jurisdiction, the parties agreed that litigation would not proceed in this jurisdiction, and OOCL has not been damaged nor will it be damaged as Jenne has not filed suit against OOCL and the time has passed for Jenne to file suit.

Based on the foregoing, OOCL's complaint must be dismissed and should be dismissed with prejudice as OOCL has not been damaged and even if Jenne brings a claim against OOCL in the future, OOCL is precluded from pursuing BNSF by the time limitations contained within the BOL as well as the Agreement.

                                                **COHEN & PALOMBO. P.C.**

                                        By: */s/ Eric C. Palombo*
                                                Eric C. Palombo
                                                The Times Building
                                                32 Parking Plaza
                                                Suite 402
                                                Ardmore, PA 19003
                                                Phone: (215) 609-1110
                                                Fax:     (215) 609-1117
                                                Email:  epalombo@freightlaw.net
                                                *Attorneys for Defendants*
                                                *BNSF Railway Company and*
Date: February 24, 2023                          *Burlington Northern Santa Fe, LLC*

**<u>Certification Pursuant to Local Rule 7.1(f)</u>**

Pursuant to Local Rule 7.1(f), the undersigned certifies that this matter has not been assigned a discovery track. The undersigned further certifies that BNSF Railway Company's and Burlington Northern Santa Fe, LLC's Motion to Dismiss complies with the page limitation prescribed for unassigned matters.

By: */s/ Eric C. Palombo*
Eric C. Palombo

Date: February 24, 2023